WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq., SBN 188024
Cori B. Jones, Attorney, SBN 261018
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
Tel: (949) 477-5050; Fax: (949) 608-9142
gribar@wrightlegal.net ; cjones@wrightlegal.net

Attorney for Defendant, Select Portfolio Servicing, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY GOFFMAN, an individual; MARIE GOFFMAN, an individual<br><br>Plaintiff,<br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC., dba SPS, INC., a financial institution, JPMORGAN CHASE BANK, a financial institution, and DOES 1-100, inclusive and DOES 1-100  inclusive,<br><br>Defendants. | Case No.: 8:15-cv-00004-CJC-DFM<br><br>**NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed Concurrently with Request for Judicial Notice]*<br><br>Date:       February 23, 2015<br>Time:      1:30 p.m.<br>Ctrm.:     9B<br>Judge:     Cormac J. Carney<br><br>Date of Filing:   December 3, 2014<br>Trial Date:       Not yet set |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 23, 2015, at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 9B, before the Honorable Cormac J. Carney of the United States District Court, Central District of California, Southern

1

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Division, Defendant Select Portfolio Servicing, Inc. ("SPS") will move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the complaint of Plaintiffs Jeffery Goffman and Marie Goffman ("Plaintiffs") filed on December 3, 2014 and all claims alleged against SPS.

The grounds for this motion are that (1) Plaintiffs have failed to state a claim against SPS upon which relief can be granted [Fed. Rule Civ. Proc. 12(b)(6)]; (2) Plaintiffs have failed to articulate any cognizable legal theories to support their claims; (3) the defects in the complaint are such that they are incurable through amendment; and (4) Plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. Accordingly, the complaint, and the claims brought against SPS therein, should be dismissed with prejudice.

The Motion will be based on this Notice of Motion, the supporting Memorandum of Points and Authorities attached hereto, the concurrently filed Request for Judicial Notice, the pleadings, records and files in this action, and upon such further oral or documentary evidence and argument as may be presented at or before the hearing and any other matter the Court may deem appropriate.

This motion is made following discussions between Plaintiffs and SPS pursuant to L.R. 7-3 which took place on January 6, 2015, in which the parties unsuccessfully attempted to resolve the issues raised by this motion and the supporting memorandum of points and authorities.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: January 8, 2015       By   /s/ Cori B. Jones
                                  Gwen H. Ribar, Esq.
                                  Cori B. Jones, Esq.
                                  Attorneys for Defendant,
                                  Select Portfolio Servicing, Inc.

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS .....................................................................................1

III. LEGAL STANDARD..............................................................................................2

IV. ARGUMENT............................................................................................................2
   A. Plaintiffs' First Claim for Violations of Cal. Civ. Code §2923.6 Fails to Allege Sufficient Facts to State a Claim for Relief...........2
      1. There are No Duties Owed to Plaintiff..........................................2
      2. There is No Requirement that a Borrower Receive a Loan Modification ................................................................................3
      3. There are No Facts to Show a Loan Modification Would Exceed Recovery from Foreclosure ...............................................3
      4. Plaintiffs Lack Standing to Pursue a Claim Under Cal. Civ. Code §2923.6..............................................................................3

   B. Plaintiffs' Second Claim for Breach of Covenant of Good Faith and Fair Dealing Fails to Allege Sufficient Facts to State a Claim for Relief......................................................................................4
      1. There is No Implied Covenant in the Contract that Requires SPS to Modify Its Terms ...............................................................4
      2. Plaintiffs do Not Plead Any Facts Suggesting that They Were Denied the Benefits of the Contract ............................................5

   C. Plaintiffs' Third Claim for Violation of California Business and Professions Code §17200 Fails to Allege Sufficient Facts to State a Claim for Relief......................................................................................5
      1. Plaintiffs have Not Alleged Any Conduct that is Unfair, Unlawful, or Fraudulent..............................................................6
      2. Plaintiffs Fail to Plead this Claim with Requisite Particularity ................6
      3. Plaintiffs have Not Pled an Injury In Fact....................................7
      4. Plaintiffs have Failed to Allege a Predicate Claim on which to Premise Their UCL Claim........................................................8

   D. Plaintiffs' Fourth Claim for Promissory Estoppel Fails to State a Claim for Relief......................................................................................8
      1. Plaintiffs have Not Alleged a Clear and Unambiguous Promise ...............8
         a. Plaintiffs do Not Allege that SPS made Any Promises ...................8
         b. Plaintiffs do Not Allege Clear and Unambiguous Terms ................9
      2. Plaintiffs do Not Allege Reasonable Reliance ...........................9
      3. The Statute of Frauds Bars Oral Promises such as the One Plaintiff Alleges Defendants Made ..............................................9
         a. A Deed of Trust Cannot be Modified Orally .................................10
         b. Plaintiffs Fail to Attach Any Written Agreement ..........................10
         c. Verbal Loan Modification Agreements are not Recognized In California ..............................................................................11

V. CONCLUSION......................................................................................................11

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
  222 Cal.App.3d 1371, 1395 (1990) .................................................................. 4, 5

*Connors v. Home Loan Corp.*,
  2009 WL 1615989, *8 (S.D. Cal., June 9, 2009, CIV 08CV1134-L(LSP)) ....... 4

*Fontenot v. Wells Fargo Bank, N.A.*,
  (2011) 198 Cal.App.4th 256, 259 ...................................................................... 10

*Hall v. Time, Inc.*,
  158 Cal.App.4th 847, 849 (2008) ........................................................................ 7

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal.App.4th 497, 522-523 (2013) ................................................................ 7

*Karlsen v. American Sav. & Loan Assn.*,
  (1971) 15 Cal.App.3d 112, 120, 121 ................................................................. 10

*Khoury v. Maly's of California*,
  14 Cal.App.4th 612, 619 (1993) .......................................................................... 6

*Mabry v. Superior Court*,
  185 Cal.App.4th 208, 222-223, 235 ................................................................ 3, 4

*Pasadena Live, LLC v. City of Pasadena*,
  114 Cal.App.4th 1089, 1094 (2004) .................................................................... 4

*People v. McKale*,
  25 Cal.3d 626, 635 (1979) ................................................................................... 6

*Perlas v. GMAC Mortg., LLC*,
  187 Cal.App.4th 429, 434 (2010) ........................................................................ 6

*Raedeke v. Gibraltar Sav. & Loan Assn.*,
  (1974) 10 Cal.3d 665, 673 ................................................................................. 10

MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

*Sanchez v. MortgageIt, Inc.*,
   2011 WL 588178, *1 (N.D. Cal., Feb. 10, 2011, C 10-4146 PJH) .................................. 4

*Secrest v. Security National Mortgage Loan Trust 2002-2*,
   (2008) 167 Cal.App.4th 544, 552, 553 ............................................................. 10, 11

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
   983 F. Supp. 1303, 1316 (N.D. Cal. 1997) ................................................................ 5

*Stafford v. Clinard*,
   (1948) 87 Cal.App.2d 480, 481 ........................................................................ 10, 11

*Stansfield v. Starkey*,
   220 Cal.App.3d 59, 73 (1990) ................................................................................. 6

*Stewart v. Life Ins. Co. of North America*,
   388 F.Supp.2d 1138 (2005) ..................................................................................... 5

*Toscano v. Greene Music*,
   124 Cal.App.4th 685, 692 (2004) ............................................................................ 8

*Troyk v. Farmers Group, Inc.*,
   171 Cal.App.4th 1305, 1346 (2009) ........................................................................ 6

*US Ecology, Inc. v. State*,
   129 Cal.App.4th 887, 901 (2005) ............................................................................ 8

**Statutes**

*Bus. & Prof. Code* §17200 ............................................................................... 5, 6, 8
*Cal. Civ. Code* §1624 ..................................................................................... 10, 11
*Cal. Civ. Code* §1624(a)(3) ..................................................................................... 10
*Cal. Civ. Code* §1698 ............................................................................................. 10
*Cal. Civ. Code* §2923.5 (c) ...................................................................................... 4
*Cal. Civ. Code* §2923.6 ............................................................................................ 4
*Cal. Civ. Code* §2923.6 (a) ................................................................................... 2, 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Select Portfolio Services, Inc. ("SPS") respectfully submits the following memorandum of points and authorities in support of its motion to dismiss the complaint of Plaintiffs Jeffery Goffman and Marie Goffman ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiffs' entire complaint is nothing more than a strong arm tactic with the ultimate goal of receiving a loan modification. Plaintiffs begin their complaint by pointing out that, under Civ. Code § 2923.6, a loan servicer may owe a duty "to all parties in a loan pool, or to all investors under a pooling and servicing agreement." Yet, what seems lost on these Plaintiffs is that they are neither and, thus, have no standing to raise such a claim. Plaintiffs' suggestion that the loan imposes an implied duty upon SPS to modify its terms must be dismissed as patently absurd. After all, such a requirement would defeat the purpose of the contract in the first place. Plaintiffs have raised a claim under Cal. Bus. & Prof. Code §17200; but they have plead no facts showing any unfair, unlawful or fraudulent conduct on the part of this Defendant. Finally, Plaintiffs claim for Promissory Estoppel fail for the lack of any facts that suggest a promise was made or reasonably relied upon. As such, the entire complaint should be dismissed.

## II. STATEMENT OF FACTS

On or about July 2, 2005, Plaintiffs obtained a $1,685,000.00 loan (the "Loan") from the original lender, Washington Mutual Bank, F.A., and secured repayment of the Loan by the real property commonly known as 630 Ramona Drive, Newport Beach, CA 92625 (the "Property") through a Deed of Trust that was recorded in the Orange County Recorder's Office on July 11, 2005(the "Deed of Trust").[1] There is no Notice of Default recorded on the Property.

---

[1] *See* Deed of Trust, attached to Request for Judicial Notice filed concurrently herein ("RJN") as Exhibit "A".

1

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

1  III.  **LEGAL STANDARD**

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block* 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not enough to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. Rather, Fed. R. Civ. P. 8(a)(2) imposes a "plausibility standard" which requires the plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In ruling on a Rule 12(b)(6) motion, the Court is to accept as true the factual allegations of the complaint; however, allegations amounting to nothing more than legal conclusions are not entitled to the assumption of truth. *Iqbal*, 129 S. Ct. at 1949.

IV.  **ARGUMENT**

    A.  <u>**Plaintiffs' First Claim For Violations Of Cal. Civil Code § 2923.6 Fails To Allege Sufficient Facts To State A Claim For Relief.**</u>

        1.  **There Are No Duties Owed To Plaintiff.**

First, the language of California Civil Code, section 2923.6, subdivision (a) ("Section 2923.6"), clearly speaks of a duty owed from loan servicers to "parties in a loan pool." (Civ. Code, § 2923.6, subd. (a).) The language of the statute does not speak of any duties owed from servicers to borrowers. (*Id*.) Since Plaintiffs are not loan pool members entitled to the statutory protections, Defendant is not bound by any duty to modify the loan under Section 2923.6.

///

///

///

MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

### 2. There Is No Requirement That A Borrower Receive A Loan Modification.

Second, Section 2923.6, subdivision (a) is entirely permissive. It provides that "[a] servicer acts in the best interests of all parties *if it agrees* to or implements a loan modification or workout plan…" (Italics added.) Thus, the language of the statute clearly does not require a loan servicer to even offer a loan modification and instead uses entirely permissive language stating that a servicer merely acts in the best interests of all parties if it agrees to a loan modification. Thus, to the extent Plaintiffs suggest a violation on the grounds that they did not receive a modification, this claim fails.

### 3. There Are No Facts To Show A Loan Modification Would Exceed Recovery From Foreclosure.

According to Plaintiffs, a servicer's duty to modify is triggered only where "(1) The loan is in payment default, or default is reasonably foreseeable…[and] (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis."[2]

Given Plaintiffs' omission of any actual details as to the terms of the supposed "loan modification agreement" and supposed recovery by this Defendant, it is impossible to determine whether the anticipated recovery there under would exceed the anticipated recovery through a foreclosure. Plaintiffs' unfounded and unsupported assurance that "modifying Plaintiffs' loan would have been in the best interest of all parties"[3] amounts to nothing more than a legal conclusion that is insufficient to state a valid claim. Accordingly, this claim should be dismissed.

### 4. Plaintiffs Lack Standing To Pursue A Claim Under Cal. Civil Code § 2923.6.

Finally, Section 2923.6 does not provide these Plaintiffs with a private right of action. (*See, Mabry v. Superior Court*, 185 Cal.App.4th 208, 222-223, 235

///

---

[2] *See,* Complaint ¶ 23.
[3] *See,* Complaint ¶ 24.

(2010); *Sanchez v. MortgageIt, Inc.*, 2011 WL 588178, *1 (N.D. Cal., Feb. 10, 2011, C 10-4146 PJH); *Connors v. Home Loan Corp.*, 2009 WL 1615989, *8 (S.D. Cal., June 9, 2009, CIV 08CV1134-L(LSP)). It "merely expresses the hope that lenders will offer loan modifications on certain terms." (*Mabry supra*, 185 Cal.App.4th at p. 222.) Admittedly, the statute was revised in January 2013, to provide a borrower with standing to show that his lender had engaged in "dual-tracking."[4] But, such changes are irrelevant to the case at bar because no allegations of "dual-tracking" are raised here, as there has been no Notice of Default recorded against this Property to date. As such, Plaintiffs do not have standing to allege and prosecute a cause of action for violation of Section 2923.6 and, therefore, this claim fails as a matter of law.

### B. Plaintiffs' Second Claim For Breach Of Covenant Of Good Faith And Fair Dealing Fails To Allege Sufficient Facts To State A Claim For Relief.

In order to allege a claim for breach of the Implied Covenant, a plaintiff must allege that the defendant's refusal to discharge its contractual responsibilities was prompted by a conscious and deliberate act, which unfairly frustrates the agreed common purposes, disappoints his reasonable expectations thereby depriving him of the benefits of the agreement.[5]

#### 1. There Is No Implied Covenant In The Contract That Requires SPS To Modify Its Terms.

The Implied Covenant is "limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract..."[6]

To the extent Plaintiffs suggest that there was an implied duty in the loan contract which required SPS to modify the contract itself, such must be disregarded since the fundamental benefit a loan offers to a borrower is the receipt of sums of money from the lender. As such, any implied covenants necessarily arise out of this fundamental benefit.

---

[4] Cal. Civil Code § 2923.5 (c)
[5] *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).
[6] *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1094 (2004).

But, the loan contract does not provide any provisions, express or otherwise, which require SPS to modify the terms of Plaintiffs' loan. And, in fact, Plaintiffs' desire to modify the loan contract is diametrically opposed to the express terms set forth in the agreement.

To impose a contractual duty on a lender/servicer to modify the terms of the agreed-upon contract would frustrate the purpose of agreeing to the initial terms in the first place. Because the terms of the contract do not relate to any such duty, no implied duty exists. As such, this claim fails to the extent it relies on any implied duty arising under loan contract to modify the terms of the subject loan.

### 2. Plaintiffs Do Not Plead Any Facts Suggesting That They Were Denied The Benefits Of The Contract.

A plaintiff alleging a claim for Breach of the Implied Covenant must allege facts showing that he was unfairly deprived of the benefits of the agreement.[7]

Plaintiffs do not dispute that they received the loan proceeds. Moreover, as discussed at length above, there is nothing in the original loan contract which entitles these Plaintiffs to renegotiate the terms of the loan. Thus, Plaintiffs cannot point to their inability to do so as proof that they were denied the fruits of said contract. As such, this claim must be dismissed.

### C. Plaintiffs' Third Claim For Violation Of California Business And Professions Code § 17200 Fails To Allege Sufficient Facts To State A Claim For Relief.

In order to allege a violation of the Cal. Bus. & Prof. Code §17200, a plaintiff must state with <u>reasonable</u> particularity the facts supporting the statutory elements of the violation.[8] A plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising.[9] Furthermore, in

---

[7] *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990).
[8] *Silicon Knights, Inc. v. Crystal Dynamics, Inc*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California*, 14 Cal. App. 4th 612, 619, (1993)).
[9] *Stewart v. Life Ins. Co. of North America*, 388 F.Supp.2d 1138 (2005).

order to have standing to allege such a claim, the plaintiff must have been injured *as a result* of the allegedly fraudulent/unfair/unlawful activity in question. (emphasis added).[10]

### 1. Plaintiff Has Not Alleged Any Conduct That Is Unfair, Unlawful, or Fraudulent.

As best can be ascertained, Plaintiffs' Unfair Competition claim seeks relief under the fraudulent prong (as they refer to Defendants' supposed actions as "fraudulent"[11]). Because a claim under Cal. Bus. & Prof. Code §17200 rises and falls with the other claims, in order to plead the fraudulent prong, Plaintiffs should have plead the elements of fraud within their complaint. "Each element in a cause of action for fraud… must be factually and specifically alleged." (*Perlas v. GMAC Mortg., LLC*, 187 Cal.App.4th 429, 434 (2010) (hereafter *Perlas*). Plaintiff must plead specific allegations of what, how, where, by whom, to whom, and by what means the alleged representations or concealments were made. (*Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990)). In a fraud claim against a corporation or other business entity, a plaintiff must allege the names of the persons who made the misrepresentations, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written. (*Perlas, supra*, 187 Cal.App.4th at 434.) Because there are no factual allegations that support a claim for fraud within the complaint, this claim of a violation of Cal. Bus. & Prof. Code §17200, cannot rest upon a fraud claim.

Accordingly, Plaintiffs' Third Cause of Action for Unfair Business Practices lacks facts upon which relief may be granted.

### 2. Plaintiffs Fail To Plead This Claim With Requisite Particularity.

In alleging a cause of action for unlawful business practices under Bus. and Professions Code, §17200, the plaintiff ***must allege facts*** to demonstrate that the alleged practice violates the underlying law, or "borrowed claim." *People v. McKale*, 25 Cal.3d 626, 635 (1979); *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) (A

---

[10] *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1346 (2009).
[11] *See,* Complaint, ¶35.

plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation). Here, Plaintiffs' contradictory claims are impossible to reconcile. Plaintiffs claim the Defendant "[approved] Plaintiffs for a home loan modification" [12] but also claim that they were forced to reapply for a modification and that Defendants "failed…to properly review the information provided to them by Plaintiffs." [13] Such contradictory pleading is insufficient to support a standard claim; much less one like this which requires heightened degree of specificity. As such this claim should be dismissed.

### 3. Plaintiffs Have Not Pled An Injury In Fact.

"A plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition' to have standing to pursue either an individual or a representative claim under the California unfair competition law." *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008). "[T]he phrase "as a result of" in the UCL imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property." *Id.*

A plaintiff has failed to state a viable Cause of Action under the UCL if the purported injury-in-fact predates the alleged unfair/unlawful/fraudulent conduct. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 522-523 (2013). **With specific respect to a non-judicial foreclosure, if a borrower-plaintiff faced the threat of foreclosure before the wrongful acts are alleged to have taken place, he cannot state a valid claim under the UCL.** *Id.*

In this case, Plaintiffs were facing the threat of foreclosure long before SPS is alleged to have acted improperly (by supposedly failing to review documents and assigning more than one point of contact). Indeed, Plaintiffs admit to "severe economic problems countervailing Plaintiff's ability to pay their mortgage."[14] These problems

---

[12] *See*, Complaint, ¶27
[13] *See*, Complaint, ¶ 21.
[14] See, Complaint ¶ 32

appear, from the available facts, to have begun as early as 2010, when Plaintiffs "suffered severe economic hardship"[15] As a result, Plaintiffs may not point to SPS' supposed failure to modify the loan years later as proof of an injury-in-fact. And, in the absence of any injury-in-fact suffered by Plaintiffs as a result of SPS' conduct, this claim necessarily fails.

### 4. Plaintiffs Have Failed To Allege A Predicate Claim On Which To Premise Their UCL Claim.

Plaintiffs' claim under §17200 depends on the viability of the underlying causes of action. As discussed previously, all other causes of action in the complaint fail, and so this cause of action for violation of Bus. and Professions Code §17200 must also fail. Accordingly, this claim should be dismissed.

### D. Plaintiffs' Fourth Claim For Promissory Estoppel Fails To State A Claim For Relief.

To allege a cause of action for Promissory Estoppel, Plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury, caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed. (*US Ecology, Inc. v. State,* 129 Cal.App.4th 887, 901 (2005); *Toscano v. Greene Music*, 124 Cal.App.4th 685, 692 (2004).

### 1. Plaintiffs Have Not Alleged A Clear And Unambiguous Promise.

a. Plaintiffs Do Not Allege That SPS Made Any Promises.

Here, Plaintiffs did not allege a clear and unambiguous promise by Defendant SPS. Plaintiff did allege that a promise was made to him by the previous servicer, Chase; however, there are no allegations of any promises made by Defendant SPS.[16]

///

///

---

[15] *See*, Complaint ¶ 17.
[16] *See*, Complaint ¶ 20.

8
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

          **b.     Plaintiffs Do Not Allege Clear And Unambiguous Terms.**

Plaintiff alleges that defendant Chase promised they would modify the loan if only he completed a modification application and "made payments in an amount certain to defendants." Yet, the lack of any detail as to the terms of the alleged deal renders this claim defective. Particularly, Plaintiffs fail to allege any facts that Defendant SPS made the alleged promise, failed to list the amount of the supposed payments owed, the interest rate, any due dates, etc. Without any of these supporting facts, Defendant's alleged vague promise to postpone the foreclosure sale, even if true (which Defendant disputes), does not warrant Estoppel. For the foregoing reasons, this claim fails.

          **2.     Plaintiffs Do Not Allege Reasonable Reliance.**

As noted above, a Plaintiff must demonstrate reasonable reliance in order for Estoppel to apply. In this case, if Plaintiffs truly believed that a foreclosure would be postponed indefinitely, that belief was wholly unreasonable. Plaintiffs claim that they relied on the promise of review by "completing the application rather than pursuing alternate measures…including the filing of a Chapter 11 bankruptcy." While Plaintiffs claim that this "choice" somehow shows their reliance, this is a false choice. There was nothing stopping Plaintiffs from both submitting and application and filing for bankruptcy, these actions are not mutually exclusive of each other. Further, as noted above, even if promises were made, they were far too vague as to induce any reasonable reliance. After all, none of the material terms of the supposed modification (i.e. payment amount, interest rate, life of modification, etc.) were discussed. Therefore, if Plaintiffs relied on any such statements, their reliance was not reasonable.

          **3.     The Statute of Frauds Bars Oral Promises Such as the One Plaintiff Alleges Defendants Made**

Plaintiffs' Cause of Action for Promissory Estoppel is premised on a purported oral agreement to modify the loan and an allegation of a written promise to forbear foreclosure action, but Plaintiff s have not attached any written forbearance agreement to the complaint. Plaintiffs also allege that Defendants made "further assurances to Plaintiffs

9

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

they would in fact be modified."[17] It is unclear whether the alleged assurances were written or oral, and as such, this claim fails for uncertainty.

          a.     A Deed of Trust Cannot Be Modified Orally.

This cause of action fails in the first instance because it is well-settled that a contract in writing, such as Plaintiffs' deed of trust, "may not be altered by an executory oral agreement." *Karlsen v. American Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 121; *Cal. Civ. Code* § 1698. Pursuant to California law "an agreement for the sale of real property or an interest in real property comes within the statute of frauds." *Secrest v. Security National Mortgage Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 552; *Cal. Civ. Code* § 1624(a)(3) (a contract involving real property is invalid unless it is in writing and signed by the party to be charged). "An agreement to modify a contract that is subject to the statute of frauds[,]" such as a promissory note or deed of trust, "is also subject to the statute of frauds" and must be in writing and signed by the party to be charged, otherwise it is invalid. *See Secrest*, 167 Cal.App.4th at 553; *Stafford v. Clinard* (1948) 87 Cal.App.2d 480, 481; *Cal. Civ. Code* §§ 1624, 1698. Any allegations based on alleged oral promises by Defendant.

          b.     Plaintiffs Fail to Attach Any Written Agreement.

Furthermore, it is well-established that an agreement by a lender to forbear from exercising the right of foreclosure under a deed of trust comes within the statute of frauds and must be in writing: <u>a gratuitous oral promise not to foreclose is unenforceable</u>. *See Karlsen*, 15 Cal.App.3d 112, 120-121; *Raedeke v. Gibraltar Sav. & Loan Assn.* (1974) 10 Cal.3d 665, 673. In sustaining any claim for relief based on an agreement to modify an existing loan, courts in this state have required plaintiffs to attach a copy of any written loan modification agreement to their complaint to satisfy their burden. *See Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 259. However, as noted above, Plaintiff has not attached any written forbearance agreement to the complaint.

---

[17] *See*, Complaint, ¶52

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

     c.     Verbal Loan Modification Agreements Are Not Recognized in California.

Here, Plaintiffs plead the existence of a purported oral verbal agreement that modifies the note and deed of trust.[18] However, California law does not recognize verbal loan modification agreements. *See Stafford,* 87 Cal.App.2d at 481. As stated, California's statute of frauds specifically requires such modifications to be in writing. *See Cal. Civ. Code* §§ 1624, 1698. Plaintiffs do not allege that any modification agreement was reduced to writing. Plaintiffs have therefore failed to plead the existence of a loan modification agreement for the purposes of their Estoppel claim. A plaintiff cannot sustain a Promissory Estoppel claim because any alleged oral promise to modify their note and deed of trust cannot be enforced. *See Secrest,* 167 Cal.App.4th at 553; *Stafford,* 87 Cal.App.2d at 481. As a result, any claim for promissory estoppel based on a gratuitous oral promise to modify the executory note and deed of trust fails as a matter of law and should be dismissed with prejudice.

## V.    CONCLUSION

Based upon the foregoing, Defendant respectfully requests that the Court sustain this Demurrer in its entirety and without leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: January 8, 2015     By     /s/ Cori B. Jones
Gwen H. Ribar, Esq.
Cori B. Jones, Esq.
Attorneys for Defendant,
Select Portfolio Servicing, Inc.

---

[18] *See*, Complaint, ¶52.

11

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

## PROOF OF SERVICE

I, Kimberly A. Walsh, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On January 8, 2015, I served the within **NOTICE OF HEARING ON MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**Julie J. Villalobos, Esq.**
**Rene J. Dupart, Esq.**
**Oak Tree Law**
10900 183rd Street, Suite 270
Cerritos, CA  90703
Tel:  (562) 356-9957; Fax:  (800) 976-4187
Julie@oaktreelaw.com; rene@oaktreelaw.com
**Attorneys for Plaintiffs, Jeffery Goffman and Marie Goffman**

**Joseph Duffy, Esq.**
**Joseph V. Quattrocchi, Jr., Esq.**
**Morgan Lewis and Bockius, LLP**
300 South Grand Avenue, 22nd Fl
Los Angeles, CA  90071-3132
Tel:  (213) 615-2500; Fax:  (213) 612-2501
**Attorneys for Defendant, JPMOrgan Chase Bank**

[X]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

1

PROOF OF SERVICE

[ ] (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ] (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ] (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[ ] (BY GOLDEN STATE OVERNIGHT- NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Golden State Overnight with the delivery fees provided for.

[ ] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 8, 2015, at Newport Beach, California.

_____
Kim Walsh